Dear Rep. Richmond:
You advised that the New Orleans Business and Industrial District ("NOBID") is in need of financial assistance. Your question is what NOBID can do with its property, especially if the State funded the acquisition of the property through the Capital Outlay Act.
NOBID is created as a special municipal district and constitutes a body corporate with all the powers and rights of a political subdivision as provided by the constitution and laws of this state. The objectives and purposes of NOBID are to provide for the acquisition, construction, improvement, maintenance and operation, of special projects, additional municipal services, capital improvements, and facilities within the district. Except as inconsistent with their enabling legislation, NOBID is given the power to "acquire, purchase, lease and hold and use any property, real, personal, or mixed, tangible or intangible, or any interest therein necessary or desirable for carrying out the purposes of the district, and to sell, lease as lessor, transfer, or dispose of any property or interest therein acquired by it." R.S. 33:4703.
Thus NOBID has the statutory authority to sell, lease, transfer or dispose of any of its property, unless to do so would be inconsistent with their objectives and purposes. We question whether the sale or transfer of NOBID's property for cash flow purposes, as opposed to economic development purposes, is consistent with NOBID's statutory objectives and purposes.
Furthermore, State appropriations to "non-state entities" funded through the annual capital outlay act require a cooperative endeavor agreement. (See Section 8 of the annual capital outlay act). If the source of funding the appropriation is through the issuance of tax exempt bonds of the State, it is very likely that the cooperative endeavor agreement provides that NOBID cannot dispose of the property while the bonds remain outstanding. This clause is included in all such cooperative endeavor agreements by bond counsel in an attempt, we believe, to ensure compliance with the federal regulations on tax exempt bonds. If NOBID has indeed entered into such a cooperative endeavor agreement, which can only be determined by a review of the agreements, NOBID cannot sell that property.
As to other funding options, R.S. 33:4702(H) authorizes the board, with voter approval, to levy a special ad valorem tax, not to exceed twenty mills, for a term not to exceed fifty years, upon all taxable real property situated in the district, the proceeds of which shall be used solely and exclusively for the purposes and benefit of the district.
Trusting this adequately responds to your request, we remain
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ________________________________ MARTHA S. HESS Assistant Attorney General
RPI/MSH
DATE RELEASED: August 7, 2003